BARTHOLOMEW, DEMANDANTE Y APELANTE, *v.* CRISSEY ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo en un caso sobre cumplimiento de contrato de venta de bienes inmuebles.

No. 1108.—Resuelto en abril 24, 1914.

INDEBIDA ACUMULACIÓN DE ACCIONES—FALTA DE CAUSA DE ACCIÓN.—La excepción de indebida acumulación de acciones no puede plantearse por medio de la excepción de falta de causa de acción.

FALTA DE CAUSA DE ACCIÓN—PROMESA DE VENTA DE BIENES INMUEBLES—CUMPLIMIENTO DEL CONTRATO.—Las tres demandas se obligaron solidariamente a vender al demandante por una cantidad fijada dos fincas rústicas, una de las cuales pertenecía a dos de ellas y la otra a las tres. En la demanda se alegó la promesa de venta, su aceptación, el ofrecimiento del precio a las tres demandadas y la negativa de éstas a otorgar la correspondiente escritura de venta, habiendo el demandante consignado el precio en la corte inferior. Excepcionada la demanda por no alegar hechos bastantes constitutivos de una causa de acción, se resolvió que la demanda contenía todas las alegaciones esenciales y que no adolecía del defecto de indebida acumulación de acciones.

Los hechos están expresados en la opinión.
Abogados del apelante: *Sres. Muñoz y Brown.*
Abogado de los apelados: *Sr. Frank Antonsanti.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Se alega sustancialmente en la demanda enmendada precentada en este caso, que el demandante Tracy Bartholomew es vecino de Arecibo; que las demandadas Josephine B. Crissey y Cornelia C. Bacon son vecinas de la ciudad de Troy, New York, y Sarah B. Crissey, de Mechanicsville, New York; que las demandadas Josephine B. Crissey y Sarah B. Crissey son las dueñas de cierta finca descrita en la demanda y Josephine B. Crissey, Sarah B. Crissey y Cornelia C. Bacon son dueñas de otra finca distinta que se expresa en la demanda, habiendo sido inscrita originalmente la finca últimamente relacionada, a nombre de Cornelia C. Bacon y de Mary E. Bacon, causante de las tres demandadas; que en

virtud de una oferta hecha por las tres demandadas al demandante que fué aceptada por éste, dichas demandadas mancomunadamente y en un solo contrato escrito se comprometieron a vender al demandante las fincas descritas en la demanda por la suma de novecientos cincuenta dollars ($950), pagadera en el American Colonial Bank de San Juan, en o antes del día 16 de diciembre de 1912, al entregarse la escritura de venta, y el demandante aceptó tal oferta y requirió a las demandadas para su cumplimiento; que las demandadas se han negado a cumplir la obligación contraída en el contrato de formalizar la correspondiente escritura a favor del demandante alegando que el contrato ha sido rescindido; que en vista de esta negativa el demandante consigna en la corte dicha suma de novecientos cincuenta dólares ($950), y suplica a la misma que se ordene a Josephine B. Crissey y Sarah B. Crissey a que formalicen escritura de venta a favor del demandante de la finca descrita en primer término, como asimismo que dichas demandadas y Cornelia C. Bacon formalicen escritura de venta a favor de dicho demandante de la finca descrita en segundo lugar.

Las demandadas establecieron excepción previa que fundaron en dos motivos, a saber: primero, que existía una indebida acumulación de partes demandadas, y segundo, que la demanda no aducía hechos suficientes para determinar una causa de acción. La corte declaró con lugar dicha excepción previa pero solamente por el segundo motivo aducido, y no habiendo optado el demandante por hacer enmiendas, la corte dictó sentencia a favor de las demandadas contra la cual ha interpuesto el demandante recurso de apelación.

Parece ser la teoría tanto de la corte inferior como de las demandadas, que existió una indebida acumulación de acciones en la demanda de cuyo defecto pueden aprovecharse éstas mediante excepción previa fundada en que la demanda no aduce hechos suficientes para determinar una causa de acción. No es esa la interpretación que damos a ese fundamento de excepción. La excepción se formula a la insufi-

ciencia legal de los hechos en la forma en que han sido expresados para que el demandante pueda tener una causa de acción, o en otras palabras, a si existe o nó alguna responsabilidad por parte de las demandadas. No se refiere a la indebida acumulación de acciones. La indebida acumulación de acciones está determinada específicamente en el apartado 5º. del artículo 105 del Código de Enjuiciamiento Civil como asimismo lo está la insuficiencia de los hechos para determinar una causa de acción en el párrafo 6º. del expresado artículo. Puede aplicarse claramente a este caso la máxima legal *expressio unius est exclusio alterius.* En este pleito no se promovió en debida forma el punto relativo a la indebida acumulación de acciones.

Queda aún en pie la cuestión de si la demanda determina una buena causa de acción. En este caso había tres personas que mancomunadamente convinieron en vender dos fincas; dos de dichas personas eran dueñas de una finca, y tres dueñas de la otra. La causa del contrato era la suma de novecientos cincuenta dólares ($950), cantidad que era pagadera en su totalidad a las demandadas mancomunadamente y no solidaria o separadamente. Si las demandadas hubieran ofrecido escrituras en debida forma y el demandante en este caso, Bartholomew, se hubiera negado a satisfacer el precio convenido de la venta, hubieran tenido éstas que establecer una sola acción en la que se unieran todas contra él. De otro modo él podría haber alegado que el pago que hiciera a una o dos de las demandadas no le eximiría de responsabilidad para con la otra u otras. Como ésta es una acción sobre cumplimiento específico de un contrato, el demandante estaba obligado a ofrecer la suma total a todas las demandadas para obligarlas a otorgar las escrituras que ofrecieron formalizar. El contrato era recíproco, su causa, su otorgamiento y el hecho de no haber sido cumplido fueron cuestiones que se alegaron debidamente; se hizo una consignación y se determinó una completa causa de acción.

Se ha promovido incidentalmente la cuestión de si puede

este tribunal tomar en consideración la excepción previa de la supuesta indebida acumulación de partes demandadas no habiendo sido resuelta esa cuestión por la corte inferior. El examen anterior que hemos hecho del fundamento general de la excepción previa revela que a nuestro juicio no existió indebida acumulación de partes. Por tanto creemos que no hay necesidad de discutir la cuestión. Procede la revocación de la sentencia apelada debiendo continuar tramitándose el pleito de acuerdo con la ley.

> *Revocada la sentencia apelada con instrucciones de que continue la tramitación del pleito de acuerdo con la ley.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.